## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In Re:  Sherwood Winston Moore A/k/a      Case No. 09-36458- DOT
Sherwood W. Moore and Linda Woodson     Chapter 13
Moore A/k/a Linda W. Moore

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Beneficial Financial I, Inc., Movant

vs.

Sherwood Winston Moore and Linda
Woodson Moore, Debtors
Carl M. Bates, Esq., Trustee
                       Respondents

### CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

      This matter is scheduled to be heard before the court on November 20, 2012, on the Motion of Beneficial Financial I, Inc., Movant, by its attorney Abby K. Moynihan, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated July 26, 2006 and recorded amount the land records of County of County of Hanover, Virginia, and which encumbers the property of the Debtors at 360 Nelsons Bridge Road, Hanover, Virginia  23069, and more particularly described as follows:

> *ALL THAT CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH ALL IMPROVEMENTS THEREON SITUATE AND APPURTENANCES THERETO BELONGING, LYING IN MANGOHICK DISTRICT, KING WILLIAM COUNTY, VIRGINIA CONTAINING 3.00 ACRES, MORE OR LESS< AS SHOWN ON A SURVEY PREPARED BY DOWNING SURVEYS, INC., CERTIFIED LAND SURVEYOR, DATED THE 18th DAY OF FEVRUARY 2002 ATTACHED HERETO AND RECORDED HEREWITH.  TAX MAP OR PARCEL ID NO,: 18-4-2A.  THE LENDER HERBEY CERTIFIESL THIS TO BE A REFINANCE OF EXISTING LIEN WITH THE SAME LENDER RECORDED IN DEED BOOK 04-1325, AT PAGE 1, UPON WHICH RECORDATION TAX HAS BEEN PAID: THE ORIGINAL DEBT ON SAID OBLIGATION IS $90682.73. EXEMPTION FROM RECORDATION TAX UPON THE UNPAID PORTION OF THE OTIGINAL OBLIGATION IS HEREBY CLAIMED UNDER SECTION 58.1-803(D) OF THE 1950 CODE OF VIRGINIA.*

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,014.11 as they become due commencing on December 1, 2012.

2. The Debtors shall cure the post-petition arrearage currently due to the Movant from November 2011 through November 2012 in the total amount of $12,995.32, which includes: (13) regular monthly mortgage payments @ $1,014.11 each;  filing fees and attorney's fees @ $826.00, by making the following payments:

    a. $7,000.00 on or before November 30, 2012

    b. $7,009.43 on or before January 1, 2013

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant my mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and my submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one

      year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5.    Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments is without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

      DONE at **Richmond**, Virginia, Dated: _____

_____
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

SEEN AND CONSENTED TO:

/s/  Abby K. Moynihan, Esq.
Abby K. Moynihan, Esq.
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #79686
301.490.1196
*Attorney for Movant*


/s/ Richard James Oulton, Esq.    (by Abby K. Moynihan, Esq. with permission from Richard
Richard James Oulton, Esq.    James Oulton, Esq. based on FAX)
The Debt Law Group, Pllc
2800 N Parham Road
Suite 100
Richmond, Virginia  23294    X\_\_\_\_\_/s/ Abby K. Moynihan, Esq._____
*Attorney for Debtors*


/s/ \_\_Carl M. Bates_____    (by Abby K. Moynihan, Esq. with permission from

Carl M. Bates, Trustee             Carl M. Bates, Trustee based on FAX)
P.O. Box 1819
Richmond, Virginia  23280
*Trustee*                          X___/s/ Abby K. Moynihan, Esq._____

<u>Local Rule 9022-1(C) Certification</u>

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

                                     /s/ Abby K. Moynihan, Esq.

<u>Certification</u>

    The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

                                     /s/ Abby K. Moynihan, Esq.

**PARTIES TO RECEIVE COPIES**

Sherwood Winston Moore
360 Nelsons Bridge Rd
Hanover, Virginia  23069

Linda Woodson Moore
360 Nelsons Bridge Rd
Hanover, Virginia  23069

Copies were sent electronically via the CM/ECF system to Richard James Oulton, Esq., Abby K. Moynihan, Esq., and Carl M. Bates, Trustee.